905 F.2d 208
 11 UCC Rep.Serv.2d 926
 UNIFIRST FEDERAL SAVINGS BANK f/k/a Poinsett County Savings
& Loan Association, Appellant,
v.
The AMERICAN INSURANCE COMPANY, one of the Fireman's Fund
Group of Insurance Companies, Appellee,
v.
JAMCO, INC., Appellee.
 No. 89-2382.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 11, 1990.
Decided June 5, 1990.
 
 Ben F. Arnold, Little Rock, Ark., for appellant.
 James A. Knox and John W. Nassen, Dallas, Tex., for appellee.
 Before ARNOLD, Circuit Judge, BRIGHT and ROSS, Senior Circuit Judges.
 ROSS, Senior Circuit Judge.
 
 
 1
 Unifirst Federal Savings Bank (Unifirst) appeals from the district court's[1] order granting summary judgment in the amount of $250,000 to the American Insurance Company. We affirm.
 
 
 2
 Jamco, Inc. subcontracted to perform certain electrical work on a construction project for Brown-Olds Corporation. Jamco obtained a "Performance Guarantee-Irrevocable Letter of Credit" in the amount of $250,000 from Unifirst, formerly known as Poinsett County Savings & Loan Association, to secure its performance on the contract. Brown-Olds was identified as the beneficiary of the letter of credit. Brown-Olds thereafter filed a Chapter 11 bankruptcy petition. The bankruptcy court ordered it to assign all right, title, and interest in and to its contracts and subcontracts to the American Insurance Company (American) as surety to complete the project. Pursuant to the order, Brown-Olds and American entered into an assignment agreement on May 25, 1985. The assignment agreement provided in part:
 
 
 3
 Surety shall have the right in its own name or in the name of Contractor to demand, collect, receive, receipt for, sue for, compound, give acquittance for, settle, and release any and all amounts due or to become due on the aforesaid Assigned Items and to endorse the name of Contractor on all commercial paper in payment or part payment thereof, and in Surety's discretion to file any claim or take any other action or proceeding which Surety may deem necessary or appropriate to protect, preserve and realize upon the aforesaid Assigned Items.
 
 
 4
 Jamco continued with performance of its work but was later unable to meet its financial obligations. On May 12, 1986, its vice-president so informed American and requested $150,000 in financial assistance. On June 19, 1986, American made its first presentation for payment of $150,000 on the letter of credit to Unifirst. It included a letter stating that it had right, title, and interest in the letter of credit and that its assignment was approved by the bankruptcy court. It also presented the original letter of credit, a separate statement that Jamco had not fulfilled its contractual obligations to Brown-Olds, Jamco's written admission of default, and a sight draft. Unifirst declined payment for the reason that no evidence showed American had the right to receive payment and because Brown-Olds needed to present the draft and its written statement that Jamco had not fulfilled its contract.
 
 
 5
 Subsequently, on November 3, 1986, American, through Brown-Olds (the original beneficiary), presented to Unifirst a sight draft and declaration that Jamco had defaulted for payment on the letter of credit. It also notified Unifirst that American was entitled to receive the payment as assignee. Brown-Olds demanded the full amount of $250,000. A November 10, 1986 letter from Jamco to Unifirst stated that Jamco was not in default on its contract and had not been notified of any default. On November 12, 1986, Unifirst again refused payment, citing 11 U.S.C. Sec. 365(c)(1) and (3), and stating that the documents submitted were fraudulent.
 
 
 6
 Unifirst filed suit in state court seeking injunctive relief and a declaratory judgment that it had no liability to American on the letter of credit. American removed the case to federal district court on diversity grounds and counterclaimed for $250,000 on the letter of credit. On cross-motions for summary judgment, the district court granted judgment in favor of American and awarded it $250,000. The court also granted Unifirst a judgment against Jamco for the sums paid under the letter of credit.
 
 
 7
 On appeal, Unifirst argues the district court erred in failing to find that 11 U.S.C. Sec. 365 precluded the granting of summary judgment for American, and in granting summary judgment for American in view of its method of presenting the letter of credit.
 
 
 8
 Unifirst first asserts that the letter of credit is a "financial accommodation" which was terminated upon filing of the bankruptcy petition; that it was neither assumable nor assignable under 11 U.S.C. Sec. 365 of the Bankruptcy Code. Section 365 states that a trustee or debtor in possession may assume or reject an executory contract of the debtor. One of the limited exceptions to this general power is contained in section 365(c)(2). That section provides that a trustee may not assume or assign an executory contract if "such contract is a contract to make a loan, or extend other debt financing or financial accommodations," for the benefit of the debtor. 11 U.S.C. Sec. 365(c)(2).
 
 
 9
 American responds that bankruptcy defenses are inapplicable in this nonbankruptcy litigation, citing Lindsey v. Ipock, 732 F.2d 619, 622 (8th Cir.) (disallowing collateral attack of unappealed bankruptcy court order even if it was in error), cert. denied, 469 U.S. 881, 105 S.Ct. 247, 83 L.Ed.2d 185 (1984). Even if section 365 were applicable, American contends that it would not preclude assignment of the letter of credit because the letter is not an executory contract. Regardless, because Unifirst failed to file a complaint in the bankruptcy court proceedings, we agree with American that Unifirst's collateral attack of the bankruptcy court's judgment has no place in this litigation.
 
 
 10
 Presentment of a letter of credit is governed by the terms of the letter itself. See Ark.Code Ann. Secs. 4-5-103(1)(a) and 4-5-114(1). The letter of credit in this case demanded that Brown-Olds present a draft drawn on Unifirst for the beneficiary, the original letter of credit, and its written declaration that Jamco had not fulfilled its obligations under the contract. The letter did not expressly designate that it was assignable. Under Arkansas law, a letter of credit is not assignable but the right to proceeds of the letter is assignable. Ark.Code Ann. Sec. 4-5-116(1). Thus American's first presentment in which it claimed it was assigned the letter of credit was clearly incorrect. The second presentment, however, in which American claimed it had been assigned the right to the proceeds of the letter of credit, was proper. This latter presentment also conformed to the other requirements of the letter of credit.
 
 
 11
 Unifirst contests that American was ever actually assigned the right to proceeds, noting that neither Jamco, Unifirst, nor the letter of credit were referred to in the bankruptcy court's order. The district court adopted American's reasoning for assignment: that Ark.Code Ann. Sec. 4-5-116(2) provides for an assignment of the right to receive proceeds from a letter of credit. This section provides in part:
 
 
 12
 Even though the credit specifically states that it is nontransferable or nonassignable, the beneficiary may before performance of the conditions of the credit, assign his right to proceeds. Such an assignment is an assignment of an account under chapter 9 of this title on secured transactions and is governed by that chapter except that:
 
 
 13
 . . . . .
 
 
 14
 (b) The issuer may honor drafts or demands for payment drawn under the credit until it receives a notification of the assignment signed by the beneficiary which reasonably identifies the credit involved in the assignment and contains a request to pay the assignee; and
 
 
 15
 (c) After what reasonably appears to be such a notification has been received, the issuer may without dishonor refuse to accept or pay even to a person otherwise entitled to honor until the letter of credit or advice of credit is exhibited to the issuer.
 
 
 16
 The district court noted that assignment occurred before Brown-Olds attempted to perform the various conditions under which payment could have been made, and that Brown-Olds adequately informed Unifirst of the assignee. See Ark.Code Ann. Sec. 4-5-116(2)(b). We agree that the right to receive proceeds of the letter of credit was properly assigned.
 
 
 17
 Finally, Unifirst argues that the documents presented to it were fraudulent under the Uniform Commercial Code, citing Ark.Code Ann. Sec. 4-5-114. The letter sent from the president of Jamco to Unifirst on November 10, 1986, stated that it was not in default on the construction contract. Six months earlier, however, Jamco had requested financial assistance from American. American had supplied this earlier letter to Unifirst along with its declaration of default. The district court ruled that the documents presented to Unifirst satisfied the requirement of showing a default. We do not believe the court needed to explore whether a default actually occurred, as an issuer is obliged to pay on the presentation of "specified documents showing a default, rather than upon proof of the fact of default." Bank of N.C., N.A. v. Rock Island Bank, 570 F.2d 202, 206 n. 7 (7th Cir.1978).
 
 
 18
 In sum, we find that the assignment was valid under Ark.Code Ann. Sec. 4-5-116(2) and proper presentation was made; the documents presented were sufficient to show that Jamco had defaulted. We find no material facts in dispute.
 
 
 19
 Accordingly, the district court's order granting summary judgment to American in the amount of $250,000 plus interest is affirmed.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas